UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PELLEGRINO FOOD PRODUCTS, INC., | : |
| Plaintiff, | : Case No.: 1:05-CV-00189 |
| v. | : |
| RHEON U.S.A., | : |
| Defendant, | : |
| v. | : |
| PELLEGRINO FOOD PRODUCTS COMPANY, INC. a/k/a PELLEGRINO FOOD PRODUCTS, INC., | : |
| Counterclaimant Defendant, | : |
| and | : |
| CALIFORNIA FIRST LEASING CORPORATION, | : |
| Counterclaim Defendant. | : |

AFFIDAVIT OF JAMES H. MOTLEY IN SUPPORT OF
CALIFORNIA FIRST LEASING CORPORATION'S
<u>MOTION FOR CHANGE OF VENUE</u>

STATE OF CALIFORNIA   )

COUNTY OF ORANGE   ) SS.:

I, JAMES H. MOTLEY, being duly sworn, deposes and says:

1. I am, and at all relevant times here have been, a credit analyst employed by California First Leasing Corporation ("CalFirst"). The matters stated herein are within my personal knowledge, and if called as a witness, I could and would testify competently thereto.

2. I worked on a proposed lease transaction with Pellegrino Food Products, Inc. ("Pellegrino") involving three KN400 Cornucopia encrusting machines (the "Machines") manufactured by Rheon U.S.A. ("Rheon").

3. From late January through early March 2005, Michael Curtis ("Curtis") (the Sales Manager responsible for this transaction) and I worked on obtaining necessary financial information from Thomas Pellegrino, the President of Pellegrino. The Finance Committee at CalFirst ultimately determined that, based on the financial information provided by Pellegrino, the transaction could not be approved at the lease rate proposed and without a personal guaranty.

4. On March 8, 2005, I spoke to Clare Douglas at Rheon and informed her that the lease was not approved yet and that no payment could be made until it was approved.

5. In March 2005, Thomas Pellegrino advised CalFirst that Pellegrino would not provide any personal guaranties. On March 23, 2005, Curtis caused a check to be forwarded to Pellegrino refunding Pellegrino's deposit.

6. On March 30, 2005, I received a call from an individual at Rheon seeking payment for the Machines. I advised that individual that CalFirst was not financing the transaction. Based on my conversations with Curtis at the time, my understanding was that he had had conversations with this individual as well.

7. The CalFirst file pertaining to this proposed transaction contains the following:

(a) Letter dated April 13, 2005 from Curtis to Thomas Pellegrino, wherein Curtis confirmed, among other things, that CalFirst did not accept Pellegrino's offer for lease financing on the Machines, and that CalFirst did not place an order for the Machines and had no obligation to Rheon. A true and correct copy of this letter is attached hereto as Exhibit "D."

(b) Correspondence dated April 29, 2005 from Terri Hastings in the collections department at Rheon to Curtis at CalFirst, demanding payment for the Machines. A true and correct copy of this correspondence is attached hereto as Exhibit "E."

(c) Certified letter dated May 2, 2005 from Thomas Pellegrino at Pellegrino to Curtis at CalFirst, formally withdrawing any offer for lease financing. A true and correct copy of this letter is included hereto as Exhibit "F."

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 17 day of October, 2005.

_____
James H. Motley

STATE OF CALIFORNIA    )
COUNTY OF ORANGE    ) SS.:
    I CERTIFY that on October 17, 2005,
James H. Motley personally came before me and acknowledged under oath, to my satisfaction, that (or if more than one, each person):
    (a) this person was the subscribing witness to the above instrument; and
    (b) the subscribing witness signed this proof under oath to attest to the truth of these facts.

_____



Commission # 1427877
Notary Public - California
Orange County
My Comm. Expires Jul 1, 2007